UNITED STATES, to Use of MILLER et al., v. MITCHELL et al.

(District Court, E. D. New York. June 23, 1914.)

UNITED STATES (§ 67*)—BOND OF CONTRACTOR FOR PUBLIC WORK—ACTION BY SUBCONTRACTOR.

In a suit by subcontractors on the bond of a contractor for public work under Act Aug. 13, 1894, c. 280, 28 Stat. 278 (U. S. Comp. St. 1901, p. 2523), as amended by Act Feb. 24, 1905. c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1911, p. 1071), where due notice by publication has been given, in the absence of concealment or fraud, the contractor or plaintiff is required to send personal notice only to such creditors as are actually known to him.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. § 67.*]

Action by the United States, to the use of Patrick Miller and others, against Edmund H. Mitchell and Henry T. Mitchell, doing business as Mitchell & Co., and the Illinois Surety Company. Decree for complainants.

See, also, 213 Fed. 1022.

Carpenter & Park, of New York City (Henry E. Mattison, of New York City, of counsel), for E. S. Belden & Sons.

King & Booth, of New York City, for Miller.

George F. Engleman and H. W. Goodrich, of New York City, for J. S. Packard Dredging Co.

George W. Bristol, of New York City, for Briggs, Hazel, and Benvenutti.

Nelson L. Keach, of New York City (L. L. Kellogg, of New York City, of counsel), for Illinois Surety Co.

CHATFIELD, District Judge. A trial has been had upon the cause of action, and the parties have proceeded, by order of the court, as if the pleading originally filed had been called a bill in equity. This was done in pursuance of the decision of the Circuit Court of Appeals in this case (212 Fed. 136, 129 C. C. A. 584, on February 10, 1914), to the effect that the cause of action set up under the statute should have

been treated as brought in equity and the cause transferred to the equity calendar for trial. The various points involved therein have been disposed of during the course of the trial, and the testimony has been entirely reheard and the case submitted as if no previous trial at law had been had. But in the course of the hearing upon the bill in equity, the various objections to consideration of the case, to the receipt of evidence, and to consideration of the respective claims of the intervening parties, have been ruled upon separately, and in general have been disposed of in the same way as they were upon the previous trial. This has been done for two reasons: In the first place, the court sees no reason to change any of the conclusions reached upon the previous trial, except in so far as to proceed with the case in equity; and, second, it has seemed best to make the record as nearly like that upon the previous trial as may be consistent with the testimony as presented, to avoid discussion over differences in rulings upon the facts. It has been borne in mind that a hearing upon appeal in equity will allow of a determination by the Circuit Court of Appeals upon each separate claim, and thus a new trial will be avoided if any particular item should be incorrectly allowed in this court.

For these reasons no statement or findings of fact will be made other than those set forth in the record, except that each claimant will be held to have performed the work and furnished the services and to be entitled to the amount with interest from the date specified in each case, in accordance with the results reached upon the previous trial and there covered by the verdict directed.

The conclusions of law will be disposed of as indicated upon the various rulings on the trial, with respect to objections, and on motions during the course of the case, and the general objections by the defendants, on which ruling was reserved at the close of the case, will be separately overruled. The motions for a decree in favor of the defendants on each separate claim and on the various items of those claims will be denied.

The objection based upon changes by the United States in details of the contract after work was started was properly overruled. In the case of the Equitable Surety Co. v. United States, for the Use of McMillan & Son, 234 U. S. 448, 34 Sup. Ct. 803, 58 L. Ed. 1394, decided by the Supreme Court upon the 8th day of June, 1914, it was held that the surety was not released by changes on the part of the United States which did not affect the general character of the contract, citing U. S. v. National Surety Co., 92 Fed. 549, 34 C. C. A. 526.

But one point of law not previously disposed of is presented by these motions. It appears that the plaintiff and the intervening creditors published notice of the pendency of the action in a newspaper for the time and within the dates specified by the statutes, but that they obtained an order dispensing with and did not send out a personal notice to known creditors. It is now urged that the affidavit by which the order was made dispensing with the sending out of this personal notice was insufficient, in that it did not state facts showing what efforts had been made to learn the names of such creditors, and that the court was therefore not justified in dispensing with the notice.

This objection should be overruled. While the giving of notice is jurisdictional, in the sense that compliance both in the way of personal notice and by publication is necessary, and while the provision for publication is plainly intended to insure notice to as many creditors as possible, whether known or unknown, yet the provision requiring that notice shall be given to known creditors can be carried out only by giving notice to such creditors as are known to the plaintiff, or in some way made known or ascertained through the court proceedings, up to the time of sending out notice. Such a provision necessarily imputes action in good faith and reasonable effort to acquire knowledge of the creditors; but failure to discover each and every one, or failure to exercise diligence in the precise way in which the surety company may think it should have been done, could not oust the court of jurisdiction, if the general notice by advertising has been had.

In the absence of concealment or fraud, the plaintiff is only required to send notice to the creditors who may at that time actually be known, and, if other creditors do intervene, jurisdiction would not seem to be lost, if they should happen to know of other creditors to whom notice had not been sent. The advertising would be depended upon to meet the requirement.

The separate plaintiffs may recover the amount of their respective claims, with interest, and a decree may be entered providing therefor.